UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Myizam Artykov, | ) | CASE NO. 4:26-CV-01164 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| Department of Homeland Security, et al., | ) | |
| | ) | **ORDER** |
| Respondents. | ) | |
| | ) | |

Petitioner Myizam Artykov's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

(Doc. 1) is pending before the Court. He contends that he is wrongfully detained without a bond

hearing. Doc 1, Doc. 7.

Petitioner is a dual citizen and national of Kyrgyzstan and Russia. Doc. 1, ¶11.   Petitioner

entered the United States on or about April 22, 2023. Doc. 1, ¶11. Petitioner sought asylum and

was granted humanitarian parole through April 20, 2024 pursuant to 8 U.S.C. §1182(d)(5)(A).

This section states:

> The Secretary of Homeland Security may, except as provided in subparagraph (B)
> or in section 1184(f) of this title, in his discretion parole into the United States
> temporarily under such conditions as he may prescribe only on a case-by-case basis
> for urgent humanitarian reasons or significant public benefit any alien applying for
> admission to the United States, but such parole of such alien shall not be regarded
> as an admission of the alien and when the purposes of such parole shall, in the
> opinion of the Secretary of Homeland Security, have been served the alien shall
> forthwith return or be returned to the custody from which he was paroled and
> thereafter his case shall continue to be dealt with in the same manner as that of any
> other applicant for admission to the United States.

Id. Simultaneously, DHS issued Petitioner a Notice to Appear charging him as removable under

INA §212(a)(7)(A)(i)(I): 8 USC § 1182(a)(7)(A)(i)(I), stating that Petitioner was not in possession of a valid entry document. Doc. 1, ¶23. Upon release, Petitioner was issued a work authorization and the ability to present his asylum claim to an Immigration Judge. Doc. 1, ¶25. Petitioner appeared at all of his scheduled immigrations hearings. Doc. 1, ¶24.

On January 18, 2024, Petitioner filed an I-589 with the Immigration Court seeking either asylum or for withholding of removal.   Doc. 6-5.   In October of 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement after he attended an immigration hearing.   Doc. 1, ¶12. On May 8, 2026, Petitioner's requests for asylum or withholding of removal were denied and he was ordered removed.   Doc. 6-5.

Petitioner contends that the Sixth Circuit Court of Appeals' decision in *Lopez-Campos, et al. v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. May 11, 2026) controls. Doc. 7. Specifically, pursuant to *Lopez-Campos*, Petitioner asserts that he is entitled to a bond hearing under 8 U.S.C §1226(a) and the Fifth Amendment. Respondent contends that Petitioner was "seeking admission" into the US and therefore subject to mandatory detention without bond pursuant to 8 U.S.C. §1225(b)(2)(A). This Court concludes that Lopez-Campos controls and therefore Petitioner is entitled to relief.

> As noted above, the Sixth Circuit directly addressed the question of whether aliens present in the country are entitled to a bond hearing in *Lopez-Campos*. The court rejected the Government's argument that aliens who are already present in the country are applicant[s] for admission' who are 'seeking admission' under 8 U.S.C. § 1225(b)(2)(A), and thus must be detained pending removal proceedings. The court held, in a split decision, that aliens already present in the country who are not 'actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer' are not 'seeking admission' and "are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme.' *Lopez-Campos*. 175 F.4th at 723. Instead, those aliens are subject to § 1226(a). Id. at 732. In light of that determination, the court also held that the district courts did not err in holding that petitioners had a Fifth Amendment due process right to an individualized bond hearing. Id. at 734.

*Lopez-Campos* controls here. Respondents concede that Mr. Corea Lopez was already present in the country when border patrol agents first detained him. Respondents further concede that Mr. Corea Lopez was detained and put into removal proceedings several years later after Mansfield police officers stopped him while he was driving an unregistered vehicle. Because Mr. Corea Lopez was already present in the country and was not actively seeking admission, § 1226(a) controls and Mr. Corea Lopez is entitled to a bond hearing. I therefore recommend that the Court grant Mr. Corea Lopez's petition to the extent that he is seeking a bond hearing.

*Lopez v. Blanche*, No. 4:26-CV-01163, 2026 U.S. Dist. LEXIS 138455, at *7-9 (N.D. Ohio June 23, 2026). This Court's reading of § 1225(b)(2)(A)'s mandatory detention scheme is to allow the United States the ability to immediately detain individuals upon their arrival in the country to determine the merits of their requests for asylum.  It stands to reason that the Government should be given time to make such a determination prior to release into the Country.  However, in situations such as here, Petitioner was *not* held, but instead, granted parole and released him into the country.  Thus, he was "present in the country" when he was detained in October 2025.

Accordingly, the Petition is GRANTED. Doc. 1. The Court ORDERS that a bond hearing be conducted by an immigration judge under 8 U.S.C. §1226(a) within seven days of the issuance of this order or that Petitioner be immediately released. The Court further ORDERS the Government to file, within fourteen (14) days from the day of this Order, a certificate of compliance certifying that the Government has complied with this Order and stating whether Petitioner remains in custody.

IT IS SO ORDERED.

August 5, 2026                                     */s/John R. Adams*
Date                                                   John R. Adams
                                                      U.S. District Judge